IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00232-MR-WCM

| | |
|---|---|
| PAKUJA CRYSTAL VANG, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> VALDESE WEAVER, ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. [Doc. 2].

**I.    BACKGROUND**

On October 25, 2022, the Plaintiff filed the present civil action against Valdese Weaver, her former employer; Melissa Mitchell, a safety manager; Scott Coe, a plant manager; Brittany Herman, a human resources officer; and Nancy Yang, a plant coordinator, purportedly asserting claims pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"). [Doc. 1].

The facts alleged in this case appear to be identical those alleged in her prior civil action, No. 1:22-cv-00119-MR-WCM, which was dismissed for

failure to prosecute.[1] In her Complaint, the Plaintiff alleges that she suffered disability discrimination by the Defendants in the form of the termination of her employment, retaliation, and "prevention of medical treatment & negligence causing permanent injuries." [Doc. 1 at 4]. Specifically, the Plaintiff alleges that on September 11, 2020, while employed at Valdese Weavers, she suffered nerve damage and other injuries while carrying a box of cardboard cones weighing 25-35 pounds. [Id. at 6]. After reporting her work injuries, she received medical treatment and was placed on work restrictions. [Id.]. She alleges that when she returned to work six days later, she was forced to perform tasks that violated these restrictions, thereby injuring herself further. [Id.]. The Plaintiff alleges that on September 23, 2020, she was denied workers' compensation benefits, but that on September 24, 2020, she was approved for 12 weeks of leave under the Family and Medical Leave Act (FMLA). [Id.]. She alleges that her FMLA leave was extended for a period of six months "due to having a work note unable to come back to work due to injuries." [Id.]. She alleges that she was terminated from her employment on March 24, 2021. [Id.].

---

[1] The Plaintiff appealed that decision, and that appeal remains pending.

2

Case 1:22-cv-00232-MR-WCM   Document 3   Filed 10/28/22   Page 2 of 9

## II. STANDARD OF REVIEW

Because the Plaintiff is seeking to proceed *in forma pauperis* ("IFP") in this case, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners"). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

3

clearly baseless," including such claims that describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327, 328.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction ... [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

## III  DISCUSSION

### A.  IFP Application

The Plaintiff seeks to proceed with this action without the prepayment of fees and costs. [Doc. 2]. Upon review of the Plaintiff's Application, the Court finds that the Plaintiff has adequately demonstrated that she is unable to make prepayment of the required fees and costs. Accordingly, the Plaintiff's Application will be granted.

## B. Parties

The Plaintiff has named several individuals, in addition to her former employer, Valdese Weaver, as defendants in this action. The ADA, however, does not provide for a cause of action against defendants in their individual capacities. See Jones v. Sternheimer, 387 F. App'x 366, 368 (4th Cir. 2010). As such, the Plaintiff's claims against Defendants Melissa Mitchell, Scott LNU, Brittany LNU, and Nancy Yang are dismissed with prejudice.

## C. Disability Discrimination[2]

The ADA prohibits a covered employer from discriminating against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). To state a claim for disability discrimination under the ADA, a plaintiff must allege that (1) she had a disability as defined in the ADA; (2) she was a "qualified individual"; and (3) her employer took an adverse action on the basis of her disability. See Gentry v. East West Partners Club Mgmt. Co., 816 F.3d 228, 236 (4th Cir. 2016); Martinson v. Kinney Shoe Corp., 104 F.3d 683, 686 (4th Cir. 1997). A qualified individual is "an individual who, with or without reasonable accommodation, can perform the essential functions of the

---

[2] The Court construes the Plaintiff's claims of wrongful termination and "prevention of medical treatment & negligence causing permanent injuries" as claims for disability discrimination.

5

employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

The Plaintiff fails to state any plausible facts to establish the essential elements of a disability discrimination claim against her former employer. Specifically, the Complaint contains no allegations from which the Court could infer that she was qualified to perform the essential functions of her job, with or without reasonable accommodations. Finally, the Plaintiff has failed to assert any plausible allegations that Valdese Weaver took any adverse action against her because of her disability. Accordingly, the Plaintiff's claims for disability discrimination fail to state a claim upon which relief can be granted.

### D. Retaliation

To state a claim for retaliation under the ADA, a plaintiff must allege (1) that she engaged in protected conduct; (2) that she suffered an adverse employment action; and (3) that a causal link exists between her protected conduct and the adverse action. Jones v. HCA, 16 F. Supp. 3d 622, 635 (E.D. Va. 2014).

Here, while the Plaintiff asserts a claim for retaliation, she has pled no facts to establish such a claim. She has not alleged that she engaged in any protected conduct, or that any causal link exists between such conduct and

6

Case 1:22-cv-00232-MR-WCM   Document 3   Filed 10/28/22   Page 6 of 9

the adverse employment actions she allegedly suffered. As the Plaintiff has failed to state any factual allegations in support of her claim, the Plaintiff's retaliation claim is dismissed.

**E.    Damages**

In her Complaint, the Plaintiff requests as relief the appointment of an attorney to represent her and "protection" from her previous attorney who "caused [her] some mental trauma." [Id. at 8]. She also seeks the right to appeal the denial of her workers' compensation claim. [Id.]. Additionally, she seeks the following relief:

> I want the right to change my social security number due to not being able to get correct medical treatment or having any disability. I want over $500,000 and the correct amount for pain and suffering for the ongoing past year and now. I want my credit bill, medical bills, and everything to be fixed. The right to have disability because I suffer greatly and have lost some arthritic bone loss in my spine due to these issues on purpose. The correct medical treatment and the right to live fully again without fear. I want justice for the Doctors and all medical providers who laugh, mock and falsely report in my medical records. I want the correct consequence of the Doctors and medical care provider who didn't care to help me and let me suffer purposefully. The correct consequence of what the Valdese Weaver has done is permanent to my body. If it leads to death I will post all my evidence on social media as a failure of a Justice system.

[Id.]. Other than her request for compensatory damages, the Plaintiff cannot receive any of the relief that she requests through this action, such as appealing the denial of her workers' compensation claim, changing her Social Security number or seeking "consequences" for the medical providers who allegedly mistreated her. Further, she is not entitled to the appointment of counsel in this matter. Should the Plaintiff file an amended complaint, within the parameters outlined below, her request for relief should be limited only to those remedies available to her under the law.

## IV. CONCLUSION

In sum, the Court will allow the Plaintiff's Application, but has concluded that the Complaint fails to state any claim upon which relief may be granted. The Plaintiff's claims against the individual Defendants will be dismissed with prejudice. Before dismissing the Plaintiff's claims against the Defendant Valdese Weaver, however, the Court will allow the Plaintiff an opportunity to amend her Complaint to state a claim against this Defendant. In her amended complaint, the Plaintiff must set forth plausible factual allegations to establish the essential elements of her claims. The amended complaint must contain all of the Plaintiff's claims and allegations; piecemeal amendment of the Complaint will not be permitted.

# O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] is **GRANTED;**

2. The Plaintiff's claims against the Defendants Melissa Mitchell, Scott LNU, Brittany LNU, and Nancy Yang are **DISMISSED WITH PREJUDICE**;

3. The Plaintiff's claims against the Defendant Valdese Weaver are **DISMISSED WITHOUT PREJUDICE**; and

4. The Plaintiff shall have thirty (30) days in which to amend her Complaint in accordance with the terms of this Order. **If the Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to the Plaintiff**.

**IT IS SO ORDERED.**

Signed: October 27, 2022

Martin Reidinger
Chief United States District Judge